NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210373-U

NO. 4-21-0373

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 27, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| DEMARIEL T. CUNNINGHAM, | ) | No. 17CF565 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jeffrey S. Geisler, |
| | ) | Judge Presiding. |

_____

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices Harris and Steigmann concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The appellate court granted the Office of the State Appellate Defender's motion to
             withdraw as counsel and affirmed the circuit court's judgment as no issue of
             arguable merit could be raised on appeal.

¶ 2          Defendant, Demariel T. Cunningham, appeals from the trial court's summary

dismissal of his postconviction petition. On appeal, the Office of the State Appellate Defender

(OSAD) moves to withdraw as counsel on the ground no issue of arguable merit can be raised.

We grant OSAD's motion and affirm the trial court's judgment.

¶ 3                              I. BACKGROUND

¶ 4          On direct appeal, this court set forth all relevant facts in this case. See *People v.

Cunningham*, 2020 IL App (4th) 180338-U. Accordingly, we recite only those facts relevant to

resolve the issues involved in this appeal.

¶ 5          In December 2017, the State proceeded to trial on charges of aggravated battery (720 ILCS 5/12-3.05(a)(1) (West 2016)), aggravated criminal sexual assault (*id.* §§ 11-1.30(a)(1), (a)(2)), aggravated unlawful restraint (*id.* § 10-3.1(a)), and armed violence (*id.* § 33A-2(a)). These charges stemmed from an incident occurring in April 2017 at the home of defendant's uncle, Charles Hill. The complaining witness, M.M., expanded her claims over time, then partially recanted them at trial.

¶ 6          At trial, M.M. testified in April 2017, she was in a romantic relationship with defendant. M.M. stole defendant's watch and hid it in a bedroom at Hill's house, where the pair were staying. M.M. testified she and defendant had consensual sex, but defendant "slashed" her and burned her after she failed to locate the watch. Hill, who M.M. testified was smoking crack cocaine at the time of the incident, threatened to kill M.M., struck her repeatedly, and ultimately knocked her unconscious with a baseball bat. M.M. acknowledged her statements at trial conflicted with what she told Detective Jeremy Appenzeller.

¶ 7          Hill testified for the State. He acknowledged he entered into an agreement with the State in which he would testify truthfully against defendant and plead guilty to aggravated battery in exchange for a three-and-a-half year prison sentence. Hill testified defendant repeatedly struck M.M. and instructed Hill to tie M.M. up. At one point, defendant went to the kitchen and heated a knife on the stove. Defendant burned M.M. with a knife and a screwdriver. After his interview in August 2017, Hill asked his wife to give Detective Appenzeller the knife used against M.M. Hill identified the knife in a photograph, which was admitted into evidence and published to the jury.

¶ 8          The jury found defendant guilty of one count each of aggravated battery (*id.* § 12-3.05(a)(1)) and aggravated unlawful restraint (*id.* § 10-3.1(a)) and two counts each of

aggravated criminal sexual assault (*id.* §§ 11-1.30(a)(1), (a)(2)) and armed violence (*id.* §§ 33A-2(a)).

¶ 9 The trial court merged defendant's aggravated criminal sexual assault convictions and sentenced defendant to two consecutive sentences of 25 years' imprisonment and three concurrent sentences of 10 years' imprisonment.

¶ 10 Defendant appealed his conviction and this court affirmed. See *Cunningham*, 2020 IL App (4th) 180338-U.

¶ 11 On May 7, 2021, defendant filed a petition for postconviction relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). In his petition, defendant argued he received (1) ineffective assistance of trial counsel where counsel failed to file a motion to suppress evidence, namely, the knife and (2) ineffective assistance of appellate counsel for not bringing this claim on direct appeal.

¶ 12 On June 9, 2021, the trial court entered a written order summarily dismissing defendant's postconviction petition. In its order, the court stated, "The Court does not find any legal basis for suppression of the knife." The court dismissed defendant's petition as frivolous and patently without merit.

¶ 13 Defendant appealed the trial court's summary dismissal of his postconviction petition, and OSAD was appointed to represent him on appeal. In November 2021, OSAD moved to withdraw as counsel on appeal. We granted defendant leave to file a response to OSAD's motion on or before December 29, 2021. Defendant has not done so.

¶ 14 II. ANALYSIS

¶ 15 OSAD contends no meritorious argument can be made the trial court erred in summarily dismissing defendant's postconviction petition. We agree.

¶ 16    The Act provides a mechanism for a criminal defendant to challenge his conviction or sentence based on a substantial violation of federal or state constitutional rights. *People v. Morris*, 236 Ill. 2d 345, 354, 925 N.E.2d 1069, 1074-75 (2010). Proceedings under the Act are collateral in nature and not an appeal from the defendant's conviction or sentence. *People v. English*, 2013 IL 112890, ¶ 21, 987 N.E.2d 371. At the first stage of proceedings, the trial court must, within 90 days and without seeking or relying on input from the State, summarily dismiss the petition if it determines the petition is frivolous or patently without merit, meaning "the petition has no arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 11-12, 912 N.E.2d 1204, 1209 (2009). See also 725 ILCS 5/122-2.1(a)(2) (West 2020); *People v. Gaultney*, 174 Ill. 2d 410, 419, 675 N.E.2d 102, 107 (1996). We review the trial court's summary dismissal of a postconviction petition *de novo*. *People v. Edwards*, 197 Ill. 2d 239, 247, 757 N.E.2d 442, 447 (2001).

¶ 17    OSAD asserts it can make no colorable argument the trial court procedurally erred in summarily dismissing defendant's postconviction petition at the first stage. The trial court entered its written order on June 9, 2021, well within the 90-day period allotted by the Act and without input by the State. Accordingly, we agree with OSAD it is not arguable the trial court procedurally erred in dismissing defendant's petition.

¶ 18    OSAD further asserts it can make no colorable argument in support of defendant's claim of ineffective assistance of trial counsel. To demonstrate ineffective assistance of counsel, a defendant must show counsel's (1) performance fell below an objective standard of reasonableness and (2) deficient performance resulted in prejudice to the defendant such that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). If a defendant fails to prove either prong of the *Strickland* test, his claim for

ineffective assistance of counsel must fail. *People v. Sanchez*, 169 Ill. 2d 472, 487, 662 N.E.2d 1199, 1208 (1996). In the context of postconviction proceedings, "a petition alleging ineffective assistance may not be summarily dismissed if (i) it is *arguable* that counsel's performance fell below an objective standard of reasonableness and (ii) it is *arguable* that the defendant was prejudiced." (Emphasis added.) *Hodges*, 234 Ill. 2d at 17.

¶ 19    "In order to establish prejudice resulting from failure to file a motion to suppress, a defendant must show a reasonable probability that: (1) the motion would have been granted, and (2) the outcome of the trial would have been different had the evidence been suppressed." *People v. Patterson*, 217 Ill. 2d 407, 438, 841 N.E.2d 889, 907 (2005). The failure to file a motion to suppress does not establish ineffective assistance when the motion would have been futile. *Id.*

¶ 20    Defendant's postconviction petition does not indicate on what basis trial counsel should have filed a motion to suppress. The record does not reveal one. The knife in question was not subject to a search, furnished to police officers by Hill's wife at his request, and properly admitted at trial. Defendant's argument counsel was ineffective for failing to file a motion to suppress this evidence is frivolous. Accordingly, we agree with OSAD it is not arguable defendant was denied the effective assistance of trial counsel.

¶ 21    As we have already determined it is not arguable trial counsel was ineffective for failing to file a motion to suppress, it follows appellate counsel cannot be ineffective for failing to bring defendant's meritless claim on direct appeal.

¶ 22                                III. CONCLUSION

¶ 23    For the reasons stated, we agree no meritorious issue can be raised on appeal. We grant counsel's motion to withdraw as appellate counsel and affirm the trial court's judgment.

¶ 24        Affirmed.